# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-115-RJC-DCK

| | |
|---|---|
| ALBERTA J. BOYD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNION COUNTY PUBLIC SCHOOLS; )<br>and UNION COUNTY PUBLIC )<br>SCHOOLS TRANSPORTATION )<br>DEPARTMENT; )<br>)<br>Defendants. )<br>) | REVISED MEMORANDUM AND<br>RECOMMENDATION |

**THIS MATTER IS BEFORE THE COURT** on a "Motion To Dismiss" (Document No. 10). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

Alberta J. Boyd ("Plaintiff" or "Boyd"), appearing *pro se*, initiated this action with the filing of a form "Complaint" (Document No. 1) on March 8, 2016, pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. The Complaint alleges that Defendant(s) Union County Public Schools and/or the Union County Public Schools' Transportation Department ("UCPS") discriminated against Plaintiff on or about February 27, 2014, based on her age. (Document No. 1, pp.2-3). The Complaint contends that UCPS discriminated against Plaintiff by falsely accusing of her of having an accident while employed as a bus driver, and by retaliating against her "for not accepting false allegations," thus leading to the termination of her employment. (Document No. 1, p.4).

On June 22, 2016, "purported Defendant" responded to the Complaint through counsel by filing a "Motion To Dismiss" (Document No. 10).[1] Defendant contends that Plaintiff was actually employed by the Union County Board of Education, and that UCPS is misnamed as Defendant(s) in this case. (Document No. 10-1, p.1). Defendant acknowledges that a misnomer in a complaint or summons is not detrimental to a plaintiff's claims. Id. However, Defendant argues that dismissal is appropriate pursuant to Fed.R.Civ.P. 12(b)(1) and (6). Id.

On July 12, 2016, the Court issued an "Order" (Document No. 11), pursuant to Roseboro v. Garrison, advising Plaintiff that failure to file a timely and persuasive response to the motion to dismiss would likely lead to the dismissal of this lawsuit. "Plaintiff's Answer To Defendant's 'Motion To Dismiss'" (Document No. 12) was timely filed on July 27, 2016; and "Defendant's Reply Brief In Support Of Motion To Dismiss" (Document No. 15) was filed on August 19, 2016.

The pending motion is now ripe for review and disposition, and therefore, a recommendation to the Honorable Robert J. Conrad, Jr. is appropriate.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion

---

[1] For the purpose of clarity, the undersigned will refer to UCPS and/or the Union County Board of Education as "Defendant" in this Memorandum And Recommendation.

to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual

3

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III.  DISCUSSION

As noted above, Defendant now seeks dismissal of this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).  (Document Nos. 10 and 10-1). The undersigned is persuaded that either argument is likely sufficient for dismissal, and will briefly address both of Defendant's contentions.

**A.  Subject Matter Jurisdiction**

First, the undersigned finds Defendant's argument compelling that Plaintiff has failed to sufficiently plead subject matter jurisdiction because her claims are time-barred. (Document No. 10-1). Defendant notes that Plaintiff must have filed her charge of discrimination with the EEOC within 180 days of the alleged acts of discrimination in order to properly exhaust her administrative remedies.  (Document No. 10-1, pp.9-10) (citing 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A)).  "[F]ailure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." (Document No. 10-1, p.1) (quoting Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009)). See also White v. Tire Centers, LLC, 3:13cv002-GCM, 2013 WL 1146255, at *3 (W.D.N.C. Mar. 19, 2013) ("in order to preserve a claim of age discrimination, a plaintiff must file a charge of discrimination with the EEOC within 180 days after the allegedly discriminatory act"); Huff v. Bd. Of Governors, 334 Fed.Appx. 583 (4th Cir. 2009) (affirming dismissal of action for failure to file charge of discrimination within 180 days of the date of the alleged unlawful employment action).

Here, Plaintiff's Complaint alleges that the discriminatory acts occurred on or about February 27, 2014, and that charges with the Equal Employment Opportunity Commission ("EEOC") were filed on October 25, 2014. (Document No. 1, pp.2-3). Defendant has attached the underlying "Charge Of Discrimination" No. 430-2015-00031, which appears to have indeed been signed and dated by Plaintiff on October 25, 2014. (Document No. 10-3).

The Charge also states that the dates discrimination took place were at the earliest February 25, 2014, and at the latest, April 4, 2014. Id. Plaintiff states she was discharged on April 4, 2014. Id. In an attachment, Plaintiff further states that the earliest discrimination occurred on October 25, 2014, and the latest occurred February 25, 2014. Id. In that same attachment, Plaintiff notes that she received a letter on April 9, 2014, informing her that she was not eligible to be re-hired with Union County Public Schools. Id.

Based on the face of the Complaint, the alleged discrimination occurred on or about February 27, 2014, and therefore, Plaintiff was required to file a charge of discrimination within 180 days, on or about August 26, 2014. The Complaint itself states that the Charge was filed on October 25, 2014, which is well past the 180 day deadline. Even if the Court construed the alleged discrimination as occurring on April 9, 2014, the latest date mentioned in the Charge, Plaintiff would have still been required to file her Charge by October 6, 2014. The undersigned notes that it appears to be well-settled in relevant caselaw that "[t]he scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." White v. Tire Centers, LLC, 2013 WL 1146255, at *3 (quoting Jones v. Calvert Group, Ltd., 551 F.3d at 300).

In response to the pending motion to dismiss, Plaintiff makes two conclusory assertions, without any support in her brief or its multiple attachments: (1) "Plaintiff followed correct protocol when filing the Charge with EEOC in September, 2014, and attach, herewith a copy….;" and (2)

5

"She filed her EEOC within 180 days as set forth by EEOC rules." (Document No. 12, p.2). However, Plaintiff's response otherwise seems to affirm that she believes she was discriminated against on or about February 25-27, 2014, when she was accused of having an accident. (Document No. 12, pp.2-3). Plaintiff's conclusory assertions that she filed her EEOC Charge within 180 days of Defendant's alleged discriminatory conduct are inconsistent with her Complaint, her Charge of Discrimination, and her own allegations of when the discriminatory conduct occurred. <u>See</u> (Document Nos. 1, 1-1, 10-3, 10-4, and 12). There does not appear to be any support for the assertion that she filed a Charge of Discrimination in September 2014; moreover, Plaintiff has not included a copy of such a Charge or sought to amend her Complaint.

Based on the foregoing, the undersigned finds that Plaintiff's Charge Of Discrimination was untimely, and therefore, must recommend that this matter be dismissed.

**B. Failure To State A Claim**

Even if Plaintiff pursued her administrative process in a timely manner, it appears that the Complaint fails to state a claim upon which relief may be granted. Specifically, the Complaint makes the conclusory assertion that Plaintiff was discriminated against based on her age, but lacks any factual allegations that the accusation that she had an accident, or her termination, had anything to do with her age.

The Complaint does include a position statement by UCPS stating that it determined to terminate Plaintiff's employment because she had "two (2) chargeable accidents within one (1) school year pursuant to the published procedures provided to Ms. Boyd multiple times throughout her employment." (Document No. 1-1, p.22). UCPS concludes that it has "evidence of legitimate, non-discriminatory reasons for the actions taken." (Document No. 1-1, p.23).

Defendant argues that Plaintiff "must demonstrate that her employment would not have been terminated, or adverse actions taken, but for her age." (Document No. 10-1, p.7) (citing Smith v. Piedmont Natural Gas, Inc., 3:10-CV-285-RJC-DCK, 2011 WL 1343193, at *3 (W.D.N.C. Jan. 4, 2011) (dismissing ADEA claim)). To the extent Plaintiff has asserted a retaliation claim, Defendant further argues that Plaintiff has not alleged that she engaged in any protected activity for which she was later retaliated against. (Document No. 10-1, p.9). Defendant notes that Plaintiff was terminated before her EEOC Charge was filed. Id.

Again, Plaintiff's response fails to advance or otherwise clarify her case. (Document No. 12). The response lacks any argument or explanation for how any of the alleged acts by Defendant were based on her age, or how she was retaliated against. Id.

In short, the undersigned agrees that Plaintiff's claim is subject to dismissal pursuant to both Fed.R.Civ.P. 12(b)(1) and (6).

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Motion To Dismiss" (Document No. 10) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure

to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: November 23, 2016

David C. Keesler
United States Magistrate Judge