UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00115-RJC-DCK

| | |
|---|---|
| ALBERTA J. BOYD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNION COUNTY PUBLIC SCHOOLS )<br>TRANSPORATION DEPARTMENT, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss, (Doc. No. 10), and the related memoranda in support of and in opposition to the motion; the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 17); the Magistrate Judge's Revised Memorandum and Recommendation ("Revised M&R"), (Doc. No. 20);[1] Plaintiff's Objections to the Revised M&R, (Doc. No. 23); and Defendant's Reply to Plaintiff's Objections, (Doc. No. 24).

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de

---

[1] The Magistrate Judge's original M&R was revised due to a clerical error. See (Doc. No. 19). In all other respects, the original M&R and the Revised M&R are identical.

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

The Magistrate Judge recommended that Defendant Union County Public Schools' ("Defendant") Motion to Dismiss be granted and pro se Plaintiff Alberta Boyd's ("Plaintiff") complaint be dismissed for failure to sufficiently plead subject-matter jurisdiction and for failure to state a claim. (Doc. No. 20 at 4–7). Plaintiff timely filed a document entitled "Plaintiff's Objections to Defendant's Motion to Dismiss," (Doc. No. 23), but Plaintiff's so-called objections read more like an amended complaint rather than objections to the Revised M&R. Plaintiff does not assign any error to the Magistrate Judge's findings or analysis. Instead, Plaintiff presents new facts to address the shortcomings in her complaint, relied upon in the Revised M&R in recommending dismissal. In apparent response to the Magistrate Judge's recommendation that the Court lacks subject-matter jurisdiction because Plaintiff did not file an Equal Employment Opportunity Commission ("EEOC") charge within 180 days of the last date of discrimination,

Plaintiff now alleges that she misstated the date of the EEOC charge in her Complaint—she wrote October 25, 2014 where she should have written October 3, 2014.. (Doc. No. 23 at 3, 13). Furthermore, Plaintiff now alleges, through her objections, that she was subjected to "rude, age-related slurs," among other acts of discrimination, seemingly in response to the Magistrate Judge's recommendation to dismiss Plaintiff's complaint because "it lacks any factual allegations that the accusation that she had an accident, or her termination, had anything to do with her age." (Id. at 1–2; Doc. No. 20 at 6). Defendant attempts to rebut Plaintiff's new allegations by arguing that Plaintiff has not actually objected to the Revised M&R; even assuming the newly presented facts as true, Plaintiff's complaint should still be dismissed for lack of subject-matter jurisdiction; and the new allegations of specific age-related comments and actions are still insufficient to state a claim. (Doc. No. 24).

      The Court finds that Plaintiff did not properly object to the Revised M&R. Nevertheless, taking into consideration Plaintiff's pro se status, the Court has considered the new information and allegations presented by Plaintiff in her so-called objections. Even assuming Plaintiff's new information and allegations are true and accurate, Plaintiff has not met her burden in pleading subject-matter jurisdiction. Although it is not immediately clear whether October 3, 2014 or October 25, 2015 should be the operative filing date for Plaintiff's EEOC charge,[2] using either

---

[2]     Plaintiff's Complaint states that she filed charges with the EEOC on October 25, 2014, (Doc. 1 at 3), but Plaintiff attaches a page of her Complaint to her objections and annotates that the October 25, 2014 date she wrote in the Complaint should have been October 3, 2014, (Doc. No. 23 at 3, 13). Although Plaintiff's EEOC Intake Form is stamped as received on October 3, 2014, (Doc. No. 23 at 14), other documents related to Plaintiff's EEOC charge are dated later. A form entitled Notice of Charge of Discrimination is dated October 9, 2014 and stamped as received on October 10, 2014. (Doc. No. 10-2). The Charge of Discrimination is dated October 25, 2014 and stamped as received on October 29, 2014. (Doc. No. 10-3). Finally, an apparent attachment to Plaintiff's EEOC charge is signed and dated by Plaintiff on October 25, 2014. (Doc. No. 10-4).

date results in Plaintiff's EEOC charge being filed more than 180 days after the last possible date of discrimination, April 4, 2014, the date of Plaintiff's termination.[3] See 29 U.S.C. § 626(d)(1)(A); Morse v. Daily Press, Inc., 826 F.2d 1351, 1352 (4th Cir. 1987) ("A charge with the Equal Employment Opportunity Commission (EEOC) must be filed within 180 days after the alleged unlawful practice occurred."). At the latest, Plaintiff's EEOC charge was due by no later than October 1, 2014—180 days after April 4, 2014. Plaintiff did not meet that deadline; thus this Court does not have subject-matter jurisdiction to adjudicate Plaintiff's complaint. The Court need not address Defendant's failure-to-state-a-claim argument because subject-matter jurisdiction is lacking.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's Revised M&R, (Doc. No. 20), is **ADOPTED in part**;
2. The Magistrate Judge's original M&R, (Doc. No. 17), is **DISMISSED as moot**;
3. Defendant's Motion to Dismiss, (Doc. No. 10), is **GRANTED**;
4. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED without prejudice**; and
5. The Clerk of Court is directed to close the case.

Signed: February 14, 2017

Robert J. Conrad, Jr.
United States District Judge

---

[3] Plaintiff's EEOC charge-related documents state that the latest date of discrimination was February 25, 2014 and her Complaint states that the discrimination occurred on or about February 27, 2014. (Doc. Nos. 1 at 2, 1-1 at 17, 10-3, 10-4). Nevertheless, Plaintiff now claims that the last act of discrimination occurred on her date of termination, April 4, 2014, and suggests that her original previously-submitted documents should be corrected to say April 4, 2014 instead of February 25, 2014. (Doc. No. 23 at 2–3).